UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                        :

CARLOS CASTELLANOS,         :

                        :

            Petitioner,    :

                        :

   - against -            :

                        :

UNITED STATES OF AMERICA   :

                        :

          Respondent.   :

------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/08

OPINION AND ORDER

06 Civ. 7773 (SAS)

02 CR 1314 (SAS)

## I. INTRODUCTION

       Carlos Castellanos, proceeding pro se, moves to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code ("section 2255"). Castellanos claims that at his sentencing before this Court, his attorney was ineffective in failing to pursue a two-level "safety valve" reduction in his offense level, and but for this ineffectiveness he would have received a lower sentence.[1] For the reasons set forth below, Castellanos' motion is denied.

---

[1]    *See* Castellanos' Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("Habeas Motion") at 1; 2/12/08 Letter to the Court from Assistant United States Attorney Nicholas Lewin Opposing Castellanos' Habeas Motion ("Gov't Letter") at 1.

1

## II.    BACKGROUND

In a single count Indictment filed October 9, 2002, Castellanos was charged with participating in a conspiracy to distribute five kilograms or more of cocaine.[2] On August 13, 2002, surveillance efforts of various law enforcement agencies revealed a planned cocaine transaction involving Castellanos.[3] When Castellanos was arrested, approximately twenty kilograms of cocaine were retrieved from the vehicle he was operating.[4] After being advised of his *Miranda* rights in Spanish, Castellanos admitted that he was involved in the delivery of twenty kilograms of cocaine, for which he was to be paid $4,000.[5]

On October 1, 2003, Castellanos and his counsel, John Burke, executed a written plea agreement with the Government (the "Plea Agreement").[6] Based on their calculations, the parties established a sentencing range of 108 to 135 months.[7] Following the execution of the Plea Agreement, Castellanos

---

[2]    *See* Gov't Letter at 2.

[3]    *See id.*

[4]    *See id.*

[5]    *See id.*

[6]    *See id.*

[7]    *See id.*

participated in several safety-valve proffers which were intended to provide the Government with any and all information concerning criminal offenses in which Castellanos was engaged.[8] Because these proffers failed, the parties stipulated that Castellanos was not entitled to relief from the mandatory minimum sentence of 120 months under 18 U.S.C. § 3553(f), the so-called "safety valve" provision.[9] Thus, the stipulated sentencing range was 120 to 135 months in custody.[10] As part of the Plea Agreement, Castellanos further agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Sentencing Guidelines Range" of 120 to 135 months.[11]

On October 1, 2003, Castellanos appeared before Magistrate Judge Ronald L. Ellis and entered a guilty plea to the Indictment.[12] Before accepting the guilty plea, Judge Ellis determined that: (1) Castellanos was competent to plead guilty; (2) he had no difficulty understanding the proceedings with the assistance of an interpreter; (3) he previously had the opportunity to review all aspects of his

---

[8]    *See id.*

[9]    *See id.*

[10]   *See id.*

[11]   *See id.; see also* 10/1/03 Plea Agreement at 4.

[12]   *See* Gov't Letter at 3.

3

case with his attorney;[13] (4) he was satisfied with his attorney;[14] and (5) he understood the rights which he was waiving by pleading guilty.[15]

Judge Ellis instructed Castellanos on the presumption of innocence and the Government's burden of proof beyond a reasonable doubt.[16] Judge Ellis also confirmed that Castellanos' sentence would be governed by the United States Sentencing Guidelines ("Guidelines"). Judge Ellis further described the operation of the Guidelines and the nature of the charge contained in Count One of the Indictment and ensured that Castellanos understood the maximum penalties applicable to that charge.[17]

Judge Ellis specifically addressed the waiver-of-appeal provision in the Plea Agreement, confirming that Castellanos understood that he was agreeing "to not file a direct appeal nor litigate any sentence within or below the stipulated range of 120 to 135 months."[18] Judge Ellis confirmed that no promises or threats were made to induce Castellanos to plead guilty, and that no promises were made

---

[13] *See* 10/1/08 Transcript of Castellanos' guilty plea ("Plea Tr.") at 5-6.

[14] *See id.* at 6.

[15] *See id.* at 6-7.

[16] *See id.*

[17] *See id* at 3, 7-10.

[18] *Id.* at 10.

4

to him other then those explicitly contained in the Plea Agreement.[19]  Satisfied that Castellanos fully understood the nature of the charge against him and the consequences of his guilty plea, Judge Ellis accepted Castellanos' plea, noting that it was voluntary and supported by a sufficient factual basis.[20]

On December 30, 2003, Castellanos appeared before me for sentencing. I reviewed and adopted the findings of fact set forth in the presentence report, which imposed a ten-year mandatory minimum term of imprisonment, and set Castellanos' sentencing range at 120 to 130 months in custody.[21]  Before imposing the sentence, I addressed the safety-valve issue as follows:

> THE COURT: Why is it [Castellanos] didn't qualify [for safety valve]?
>
> MR. HOU: Your Honor, your Honor may recall that Mr. Castellanos had a few attorneys, and we have tried to do the safety valve proffer with various of those attorneys, and the government has afforded Mr. Castellanos the opportunity to come in, and we have had various safety valve proffers.
> To summarize, the government did not feel that Mr. Castellanos was being straightforward about his role. In particular, he said that this was obviously the first time he had ever participated in this and he just received 20 kilos of cocaine out of the blue.  Second, during a proffer, to give you a specific example of where we did not find his proffer truthful, he was shown some phone numbers from a phone book that was found at the time of his arrest, and

---

[19]    See id. at 11.

[20]    See id. at 14.

[21]    See id. at 4.

when he went through those during the proffer he denied knowing any significance to these numbers. They were international numbers.

THE COURT: I don't have the statute in front of me, but I thought he had to make a truthful disclosure of his participation or role in the offense. He is not required to become a cooperator.

MR. HOU: I understand that.

THE COURT: Are you troubled by this, Mr. Burke? I don't want to get involved if you are not troubled, Mr. Burke. But where are you in this problem?

MR BURKE: We had a proffer, and after the proffer we had negotiations between the government, myself and my client, and we agreed in the plea agreement that we would not be asking for a safety valve reduction. The defense didn't feel that they could meet the burden of proof at a hearing.

THE COURT: The defendant what?

MR BURKE: Felt he could not meet the burden of proof in a safety valve hearing, and I spoke to Mr. Castellanos and we decided we were not going to go forth, and that's why we took the plea agreement that we have, Judge. In the plea agreement we mention that we are not expecting the safety valve.

THE COURT: All right.[22]

Following this exchange, I sentenced Castellanos to the statutory mandatory minimum term of 120 months in custody to be followed by a five-year period of supervised release. I did not impose a fine. The reasons I gave for the sentence follow:

---

[22] *Id.* at 4-5.

According to the presentence report, [Castellanos] does not qualify for the safety valve because he has not truthfully provided to the government all information that he has concerning the offense. Apparently the defendant does not contest this statement, and I gather from Mr. Burke's comments earlier that remains so.

You know, had he been safety valve eligible and had it been applied, it might be that he would be even entitled to a minor role reduction. It's hard to know. In any event, I have no choice but to give him the required statutory mandatory minimum sentence.[23]

Castellanos appealed his conviction to the Second Circuit. On April 16, 2004, the Second Circuit granted Castellanos' motion to appoint appellate counsel under the Criminal Justice Act. On September 7, 2004, Castellanos' appellate counsel filed a motion to be relieved as counsel, certifying that there were no non-frivolous arguments that could be appealed. The Second Circuit granted this motion on March 13, 2006, as well as the Government's motion for summary affirmance of the conviction.

## III.  LEGAL STANDARDS

### A.  Section 2255

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A motion filed under section 2255 must allege that: (1) the sentence violated the

---

[23]  *Id.* at 8.

Constitution or laws of the United States; (2) the sentencing court was without

jurisdiction to impose such a sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral

attack.[24] Relief under section 2255 is therefore only available to remedy "a

constitutional error, a lack of jurisdiction in the sentencing court or an error of law

or fact that constitutes a 'fundamental defect which inherently results in a

complete miscarriage of justice.'"[25]

## B. Waiver of Collateral Attack Rights

A defendant's waiver of his right to collaterally attack his sentence

under section 2255 is enforceable so long as the waiver is both "knowing and

voluntary."[26] To be knowing, the defendant must fully understand "the potential

consequences of his waiver."[27] The Second Circuit has consistently recognized

the benefits to both defendants and the Government in upholding plea

---

[24]     *See* 28 U.S.C. § 2255.

[25]     *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[26]     *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996). *See also* Fed. R. Crim. P. 11(c)(6).

[27]     *Ready,* 82 F.3d at 556.

8

agreements.[28] While the defendant gains limited exposure at sentencing, the Government expends fewer resources. The benefit of the bargain is lost when a defendant can nonetheless collaterally attack his sentence.[29]

An enforceable section 2255 waiver bars claims based on grounds that arose after, as well as before, the plea agreement was signed.[30] "However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."[31]

---

[28] *See United States v. Quinones*, 511 F.3d 289, 323 (2d Cir. 2007) ("[T]he waiver was entered as part of a plea agreement process that permitted the defendant and the government to allocate risk, to obtain benefits, to achieve finality and to save resources.") (quotation marks and citation omitted).

[29] *Cf. United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998); *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.").

[30] *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) ("There is every reason to believe the parties intended the waiver to apply to claims of error at sentencing as well as to claims relating to pre-pleading events since, for a defendant who pleads guilty, the main contested issues are ordinarily about the sentencing.").

[31] *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) (citing *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) ("[A] plea agreement containing a waiver of the right to appeal

## C. Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective
assistance of counsel must: (1) show that counsel's performance fell below "an
objective standard of reasonableness" under "prevailing professional norms," and
(2) "affirmatively prove prejudice," namely, demonstrate that "there is a
reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different."[32]

In analyzing a claim that counsel's performance fell short of
constitutional standards, "it is not sufficient for the habeas petitioner to show
merely that counsel omitted a nonfrivolous argument."[33] Instead, the court "must
'indulge a strong presumption that counsel's conduct falls within the wide range
of reasonable professional assistance . . . .'"[34] Strategic choices made after
thorough investigation of the relevant law and facts are virtually unchallengeable

---

is not enforceable where the defendant claims that the plea agreement was entered
into without effective assistance of counsel."); *Jones v. United States*, 167 F.3d
1142, 1145 (7th Cir. 1999) (holding that a waiver of the right to file a section 2255
motion is unenforceable where the defendant claims ineffective assistance of
counsel with respect to entering into the plea agreement containing that waiver)).

[32]    *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[33]    *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir. 2001).

[34]    *Id.* (quoting *Strickland,* 466 U.S. at 689).

while strategic choices made after less than complete investigation are reasonable to the extent that professional judgment supports the limitations on investigation.[35]

"In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[36] A habeas petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy.[37] However, a petitioner "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and

---

[35]    *See Strickland,* 466 U.S. at 690-91.

[36]    *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland,* 466 U.S. at 690). *Accord Bell v. Cone,* 535 U.S. 685, 698 (2002) (noting that to demonstrate ineffective assistance of counsel at trial, "a defendant must overcome the 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy'") (quoting *Strickland,* 466 U.S. at 689).

[37]    *See Jones v. Barnes,* 463 U.S. 745, 751-52 (1983) (explaining that an indigent appellant does not have a constitutional right to compel appointed counsel to press every nonfrivolous point on appeal, thus recognizing "the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review"); *Mayo,* 13 F.3d at 533 ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made.").

11

significantly weaker."[38] Yet, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a][p]etitioner [i]s entitled."[39]

## IV. DISCUSSION

### A. Castellanos' Collateral Attack to His Sentence Is Barred by the Waiver in His Plea Agreement

Castellanos' challenge to his sentence is based exclusively on his counsel's conduct at the sentencing hearing. Specifically, Castellanos claims that during the sentencing hearing, his counsel should have "noticed what the Court was implying," with reference to my comments regarding his ineligibility for safety-valve relief and minor role adjustment. Castellanos does not deny that his waiver was knowing and voluntary; nor does he argue that he received ineffective assistance of counsel in entering into the Plea Agreement; nor does he seek to withdraw his plea. His sole challenge to his sentence is based on his counsel's alleged ineffectiveness at sentencing.

The Plea Agreement that Castellanos knowingly and voluntarily signed specifies that "the defendant will not file a direct appeal, nor litigate under

---

[38]     *Clark v. Stinson,* 214 F.3d 315, 322 (2d Cir. 2000).

[39]     *Aparicio,* 269 F.3d at 99 (quotation marks and citations omitted).

12

Title 28, United States Code, Section 2255 and/or 2241, any sentence within the

Stipulated Guidelines Range of 120 to 135 months."[40] Castellanos' waiver of his

right to collaterally attack his sentence was valid given that I sentenced him to 120

months in custody, the lowest possible point in the stipulated Guidelines range.

It is well established that "[c]laims of ineffective assistance of

counsel can survive § 2255 waivers, but only when the claim relates to the

negotiation and entry of a plea . . . agreement."[41] Here, Castellanos only

challenges his counsel's conduct at sentencing, not the process by which the Plea

Agreement was reached. Because Casellanos was sentenced within the range

stipulated to in his Plea Agreement, he has waived the right to collaterally attack

his sentence. "If [courts] were to allow a claim of ineffective assistance of counsel

at sentencing as a means of circumventing plain language in a waiver agreement,

the waiver of appeal provision would be rendered meaningless."[42] This Court is

[40] 10/1/03 Plea Agreement at 4.

[41] *United States v. Cano*, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007).
*Accord United States v. Hernandez*, 242 F.3d 110, 114 (2d Cir. 2001) ("[T]he
refusal to apply a waiver of ineffective assistance of counsel only allows appellate
review of the constitutionality of the process by which the plea agreement was
consummated. If the constitutionality of that process passes muster, the plea
agreement's waiver would bar any consideration by the appellate court of issues
that fall within the scope of that waiver. For instance had [the defendant] raised
any issues about sentence, we would refuse to consider them.")

[42] *Djelevic,* 161 F.3d at 107.

13

therefore precluded from considering any issues that fall within the scope of that waiver, including the conduct of Castellanos' counsel at sentencing.

## B. Castellanos' Ineffective Assistance of Counsel Claim Is Without Merit

Even if this Court could consider Castellanos' claim that his counsel was ineffective in not pursuing safety-valve relief during the sentencing proceeding, the result would remain unchanged. A defendant bears the burden of proving that he is eligible for the safety valve.[43] One of the requirements for safety-valve eligibility is that "no[] later then the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan."[44] With respect to this requirement, a defendant must provide "truthful information regarding the offense of conviction and all relevant conduct."[45]

At Casellanos' sentencing, I inquired about his eligibility for safety-valve relief. The Government responded that Castellanos was not being

---

[43] *See United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir. 1997).

[44] 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2.

[45] *United States v. Cruz*, 156 F.3d 355, 371 (2d Cir. 1998).

straightforward about his role in the offense, citing specific reasons supporting this position. Castellanos' counsel agreed with the Government, noting that Castellanos had agreed not to ask for a safety-valve reduction because he could not meet the burden of proof at a hearing.

I find that Castellanos' counsel's decision to forego safety-valve eligibility was a reasonable strategic choice made after sufficient investigation of the law and relevant facts. Absent evidence to the contrary, it must be presumed that Castellanos' counsel's conduct at the sentencing hearing fell within the wide range of reasonable professional assistance to which Castellanos was entitled. Castellanos has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Therefore, Castellanos' ineffective assistance of counsel claim is denied.

## V. CONCLUSION

For the foregoing reasons, Castellanos's motion pursuant to section 2255 is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, petitioner must make a "substantial showing of the denial of a constitutional right."[46] A "substantial showing" does

---

[46]  28 U.S.C. § 2253(c)(2).

15

not require a petitioner to demonstrate that he would prevail on the merits; a petitioner must merely show that reasonable jurists could differ as to whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[47] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           October 15, 2008

---

[47]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).